UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

XAVIER DELUNA,

    Petitioner,

    v.                              CAUSE NO. 3:21-CV-535-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Xavier DeLuna, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-7-197) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of rioting in violation of Indiana Department of Correction Offense 103. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

DeLuna argues that he is entitled to habeas relief because the written summary of the surveillance video recordings contradicted itself and the conduct report and was also false.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

According to departmental policy, rioting is defined as "encouraging, directing, commanding, coercing, or signaling one (1) or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders, or participating in such a disturbance, or remaining in a group where some members of the group are participating in a disturbance." ECF 7-11 at 1-2. The administrative record includes a conduct report in which an investigator represents that inmates assaulted a correctional officer and stole his keys. ECF 7-1. According to the conduct report, DeLuna was found in a location that he could not have accessed without use of the stolen keys. *Id.* The administrative record also includes a copy of the written summary of the surveillance video recordings in which DeLuna was seen gathering with a group of inmates who assaulted the correctional officer shortly before the assault and running away from the location of the assault with that group of inmates.[1] ECF 1-1 at 8-9. The conduct report and the written summary constitute some evidence that DeLuna committed the offense of rioting. Specifically, this evidence indicates that DeLuna, at minimum, remained with a group of inmates as they participated in the assault of the correctional officer. Moreover, after reviewing the administrative record, the court does not perceive any material inconsistencies with respect to the written video recording summary or the conduct report. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

---

[1] The Warden filed a copy of the surveillance video recordings, which are consistent with the written summary. ECF 11.

DeLuna argues that he is entitled to habeas relief because correctional staff did not allow him to present witness statements from other inmates or a list of disciplinary offenses as evidence. The Warden responds that DeLuna did not present these arguments during administrative appeal. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). According to the administrative record, DeLuna did not argue that he was denied evidence on administrative appeal. ECF 7-9. Because it is procedurally defaulted, the claim that DeLuna was not allowed to present evidence is not a basis for habeas relief.

In sum, DeLuna has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If DeLuna wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Xavier DeLuna leave to proceed in forma pauperis on appeal.

SO ORDERED on November 17, 2021

                s/ Michael G. Gotsch, Sr.
                Michael G. Gotsch, Sr.
                United States Magistrate Judge